[Civ. No. 9065. First Appellate District, Division Two.—December 26, 1933.]

DANIEL W. MACK, Appellant, v. MASSACHUSETTS BONDING AND INSURANCE COMPANY (a Corporation), Respondent.

Silas W. Mack and John Thompson for Appellant.

Wyckoff, Gardner & Parker for Respondent.

NOURSE, P. J.—Plaintiff sued to recover a penalty on a real estate broker's bond. The cause was tried without a jury and findings and judgment were for the bonding company. Prior to trial the plaintiff voluntarily dismissed as to the brokers.

The appeal presents a single question of fact. During the year 1931 the plaintiff delivered to the brokers at various times sums of money to be used by the brokers in the purchase of two lots owned by the Ellis Landing and Dock Company. The full purchase price was fixed at $5,400. When the first payment was made the plaintiff accepted a receipt from the brokers reading: "This is an option for 180 days, terms to be made then or deposit refunded." Subsequent receipts were accepted "on account of option", or "on account of lots". On December 29, 1931, the brokers gave the plaintiff a receipt for $1100, representing all payments theretofore made. At plaintiff's request this receipt was dated back to May 19, 1931. It recited that the total purchase price of the lots was $5,130, payable $1100 cash and the balance in January, 1932, the deposit to be forfeited if full purchase price was not paid as agreed. The difference between the original price of $5,400 and that of $5,130 was a discount of five per cent which the owner would allow for payment of the full purchase price in cash. The plaintiff agreed to these terms in writing. The bonding company was surety for the brokers for the period ending December 31, 1931. On January 1, 1932, the plaintiff expressed his approval in writing of the arrangements made with the brokers.

Thereafter the plaintiff became dissatisfied and commenced this action on the theory that the brokers had misappropriated the moneys deposited with them. The trial court found

that the bond expired on December 31, 1931; that no money was appropriated by the parties to their personal use, that they did retain the moneys so deposited but that no demand was made for the return thereof on or before January 2, 1932, and that neither of the brokers was at any time an agent or broker of or for the owner of the property.

These findings are fully sustained by the evidence and it cannot be contended that they are not. The evidence further shows that the brokers were at all times agents of the plaintiff, that the moneys were paid to them voluntarily and that, until the end of the year 1931, at least, the understanding of the parties was that the brokers should retain the deposits until the full purchase price was paid so that the purchaser might obtain the benefit of the cash discount. The liability of the surety company expired December 31, 1931. What might have occurred thereafter between the brokers and the appellant does not affect this litigation.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.